**UNITED STATES of America, Plaintiff–Appellee,**

v.

**German ACOSTA–SALINAS, Defendant–Appellant.**

**No. 13–10452.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 11, 2014.

Aug. 25, 2014.

Erica Leigh Seger, Assistant U.S., Brian Robert Decker, Assistant U.S., USTU–Of-

---

fice of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Francisco Leon, Esquire, Law Office of Francisco Leon, Tucson, AZ, for Defendant–Appellant.

Before: SILVERMAN and CLIFTON, Circuit Judges, and WATSON, District Judge.*

MEMORANDUM **

German Acosta–Salinas appeals his conviction by conditional guilty plea and sentence for illegal reentry after deportation in violation of 8 U.S.C. § 1326. He challenges both the district court's (1) denial of his 8 U.S.C. § 1326(d) motion collaterally attacking his prior deportation, and (2) 16–level sentencing enhancement based on a prior conviction for a "crime of violence."

The denial of a motion to dismiss an indictment under 8 U.S.C. § 1326(d) involves mixed questions of law and fact; we review the legal claims *de novo* and the district court's findings of fact for clear error. *United States v. Ramos,* 623 F.3d 672, 679–80 (9th Cir.2010). We review *de novo* the district court's determination that a prior conviction constitutes a "crime of violence" under the United States Sentencing Guidelines ("U.S.S.G."). *United States v. Gonzalez–Monterroso,* 745 F.3d 1237, 1243 (9th Cir.2014). We affirm.

Acosta–Salinas moved to dismiss the indictment pursuant to 8 U.S.C. § 1326(d), arguing that his prior conviction for sexual abuse under Arizona Revised Statutes ("A.R.S.") § 13–1404 was not a crime involving moral turpitude and that the immigration judge therefore incorrectly advised him that he was ineligible for relief. We apply the modified categorical approach. *See United States v. Quintero–Junco,* 754 F.3d 746, 751–52 (9th Cir.2014). Pursuant to that approach, and upon consideration of Acosta–Salinas' record of conviction, we conclude that both the immigration judge and district court correctly determined Acosta–Salinas' sexual abuse conviction to be a crime of moral turpitude because Acosta–Salinas' intended sexual contact with the adult victim was without her consent and actually harmed her. *See Gonzalez–Cervantes v. Holder,* 709 F.3d 1265, 1267 (9th Cir.2013). The district court properly denied Acosta–Salinas' Motion Challenging Prior Deportation.

Acosta–Salinas also argues that his conviction for sexual abuse is not a "forcible sex offense" and that the district court erred in applying a 16–level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A) for a "crime of violence." A conviction under A.R.S. § 13–1404 for non-consensual sexual contact with a person over fifteen years of age is a "forcible sex offense," such that it constitutes a "crime of violence" for purposes of the enhancement. *See Quintero–Junco,* 754 F.3d at 753–54. The sentence imposed by the district judge was not in error.

**AFFIRMED.**

* The Honorable Derrick Kahala Watson, District Judge for the U.S. District Court for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.